129 F.3d 129
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Edelmiro TAMEZ, Jr., Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Keith Steven YOUNG, Defendant-Appellant.
 Nos. 96-30293, 96-30295.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 28, 1997.**
Decided Oct. 30, 1997.
 
 Appeal from the United States District Court for the Eastern District of Washington. Fred L. Van Sickle, District Judge, presiding.
 Before: WRIGHT, PREGERSON, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 This case comes before the panel for the second time. The background of these cases is described fully in our previous opinion, United States v. Young, 86 F.3d 944 (9th Cir.1996).
 
 
 3
 In their previous appeal, Tamez and Young argued that the government's selective use of immunity for certain witnesses, and not for others, deprived them of their due process rights under United States v. Westerdahl, 945 F.2d 1083 (9th Cir.1991). Young, 86 F.3d at 946. Specifically, defendants requested immunity for David Delfs, who had indicated that he would testify favorably for the defendants if he were given immunity. Id. at 947-48. However, the government refused to grant immunity, even though it had done so for pro-government witnesses. Id. We determined that Delfs' proffered testimony would have been relevant to the case and beneficial to the defense, id., and then remanded for an evidentiary hearing "to determine whether the government's withholding of immunity intentionally distorted the fact-finding process...." Id. at 949.
 
 
 4
 The district court held such a hearing and found that there was no evidence of intentional distortion of the fact-finding process. We review the district court's findings for clear error, id. at 947, and affirm.
 
 
 5
 At the evidentiary hearing, a government witness explained why the government did not provide Delfs either with statutory use immunity, under 18 U.S.C. §§ 6002-6003, or informal "letter" immunity, as it had done for other witnesses at the trial.[1]
 
 
 6
 The Assistant United States Attorney ("AUSA") who decided to deny immunity for Delfs, testified to several explanations for his conduct. First, he cited his belief that Delfs would be an uncontrollable witness. Second, he explained that in order to get approval for a grant of statutory use immunity, he needed to fill out forms that required information about Delfs (e.g., his true name) that he did not have. Third, the AUSA believed that letter immunity was impractical because Delfs' behavior indicated a potential unwillingness to testify and suggested that his courtroom behavior might not be controllable. Moreover, letter immunity was not desirable because it would not provide sanctions if Delfs refused to hold up his end of the bargain. Fourth, the investigation into unrelated crimes that Delfs may have committed was still underway, making it difficult to determine the scope of letter immunity that would be practical to offer to Delfs. Fifth, and most important, the AUSA was not aware that Delfs possessed relevant knowledge when he was making his pre-trial decisions about which witnesses would receive immunity. Delfs' statement that he would testify if given immunity came much later, part way into the trial.
 
 
 7
 The district court made numerous findings of fact after the hearing, all of them supported by the evidence.
 
 
 8
 The issue before the district court was not whether the AUSA's explanations for his decision were stellar, or whether the government did everything it could have to produce witnesses useful to the defense. The issue to be determined on remand was whether the government intentionally distorted the fact-finding process. The trial court found that it did not. The evidence at the hearing consisted entirely of the government's articulation of its reasons for not granting Delfs immunity; the defense produced no evidence and elicited no testimony that cast doubt on the government's explanations. In the end, there is simply the fact that the government extended immunity to pro-prosecution witnesses and not to a pro-defense witness. While this may constitute a prima facie case of intentional distortion of the fact-finding process, Westerdahl, 945 F.2d at 1087, such a prima facie case entitles defendants only to an evidentiary hearing. United States v. Lord, 711 F.2d 887, 891 (9th Cir.1983). At that hearing, defendants must prove by a preponderance of the evidence that, in fact, the government intentionally distorted the fact-finding process. Id. Defendants did not meet this burden and the district court's findings are not clearly erroneous.
 
 
 9
 The denial of defendants' motion to compel the government to seek immunity for David Delfs is AFFIRMED.[2]
 
 
 
 **
 The panel unanimously finds this case suitable for disposition without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 "Letter" immunity is an agreement by the U.S. Attorney to extend immunity, usually in exchange for testimony. This type of immunity is called "informal" because there are no sanctions if the witness later breaks the deal and refuses to testify. This limits the usefulness of this type of immunity because it works only with cooperative witnesses. On the other hand, the fact that sanctions are not available makes letter immunity an attractive option because it is less likely to result in compelled testimony within the meaning of the Fifth Amendment. Thus, letter immunity is not thought to bind state prosecutors
 
 
 [2]
 The judgments of conviction and the sentences were affirmed onthe prior appeal